# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG EDWARDS,<br><br>    Plaintiff,<br>vs.<br><br>WACHOVIA MORTGAGE, a division of Wells Fargo Bank, N.A., WORLD SAVINGS BANK, FSB, IRVINE FUNDING CORPORATION, CAL-WESTERN RECONVEYANCE CORPORATION, DOES 1-10,<br><br>    Defendants. | CASE NO. 10CV1763 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim filed by Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 6).

## BACKGROUND

On August 24, 2010, this case was removed from the Superior Court for the County of San Diego. (ECF No. 1). On August 31, 2010, Defendant Wells Fargo, who was "sued erroneously" as Wachovia Mortgage and World Savings Bank, FSB, filed a Motion to Dismiss. (ECF No. 6).

On October 5, 2010, this Court issued an Order noting that Plaintiff's counsel had resigned and provided Plaintiff with additional time to respond to the Motion to Dismiss. (ECF No. 8). On October 29, 2010, a Substitution of Counsel was filed for Plaintiff. (ECF

No. 12).

On December 6, 2010, Plaintiff's Opposition to Defendant Wells Fargo's Motion to Dismiss was filed. (ECF No. 14). On December 13, 2010, Wells Fargo filed a Reply. (ECF No. 15).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on July 6, 2007, Plaintiff refinanced his loan on his primary residence located at 3343 Bayside Walk #B, San Diego, CA 92109 ("the Property"). (ECF No. 1 at 11 ¶ 5). Plaintiff alleges that in July 2007, Defendant Irvine Funding Corp. offered to refinance Plaintiff's loan to provide Plaintiff with a lower monthly mortgage payment of about $3,000. *Id.* at 12 ¶ 7. "Soon after Plaintiff started making his mortgage payments, the monthly payments adjusted upward to over $6,000 per month.... [and] continued to adjust upward and would have reached up to more than $12,000 per month." *Id.* at ¶ 9. Plaintiff alleges that he listed his accurate income on his application, but Defendants approved the loan based on inflated stated income. *Id.* at ¶¶ 10,11. Plaintiff alleges that he has received a notice of default. *Id.* at 13 ¶ 17.

The Complaint asserts nine causes of action as follows: (1) Intentional Misrepresentation; (2) Breach of Fiduciary Duty; (3) Action for Quiet Title; (4) Violation of California Financial Code Section 4970 *et seq.*; (5) Violation of California Business and Professions Code Section 17200 *et seq.*; (6) Violation of California Civil Code Section 2923.6; (7) Violation of California Civil Code Section 2923.5; (8) Fraudulent Concealment; and (9) Constructive Fraud.[1] *Id.* at 13-23.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain

---

[1] Plaintiff states that claim two for breach of fiduciary duty is not asserted against Wells Fargo and withdraws his sixth and seventh claims for violation of Cal. Civ. Code §§ 2923.5 and 2923.6. (ECF No. 12 at 11-12). Wells Fargo's Motion to Dismiss claims two, six, and seven is granted.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### I.   Fraud - Claims One, Eight, and Nine

Defendant contends that Plaintiff's claims of intentional misrepresentation, fraudulent concealment, and constructive fraud against fail because they are not sufficiently pled. Plaintiff contends that the fraud claims have been adequately alleged, but "Plaintiff is more than happy to file an Amended Complaint to clarify any deficiencies." (ECF No. 14 at 10-11).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Fed. R. Civ. P. 9(b). Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007). "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

### A. Intentional Misrepresentation - Claim One

In Plaintiff's first claim of intentional misrepresentation asserted against Wells Fargo, Irvine Funding Corporation, and a Doe Defendant, Plaintiff alleges that Defendants concealed material facts from Plaintiff during the loan transaction including inflating Plaintiff's stated income, failing to properly assess Plaintiff's ability to repay the loan, placing Plaintiff in a loan with a high probability of default, failing to provide Plaintiff with the best loan available to him, failing to consider the long term viability of the loan, and approving the loan based on credit score and a belief that the property value would increase. Plaintiff alleges that he would not have agreed to the loan if these facts were revealed to him.

To state a claim for fraud, a plaintiff must allege: (1) a misrepresentation, (2) knowledge that the representation was false, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Agosta v. Astor*, 120 Cal. App. 4th 596, 599, 603 (2005); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts §772, p. 1121.

The Complaint alleges that "Defendants" concealed material facts from Plaintiff. However, the Complaint does not specify which Defendant made what misrepresentation. The Court concludes that the Complaint fails to allege this claim of fraud with the requisite particularity because the Complaint fails to "identify the role of each defendant in the alleged

fraudulent scheme." *Swartz,* 476 F.2d at 541. Accordingly, the Motion to Dismiss the intentional misrepresentation claim is granted.

### B. Fraudulent Concealment - Claim Eight

In Plaintiff's claim for fraudulent concealment asserted against Wells Fargo, Irvine Funding Corporation, Cal-Western Reconveyance Corp., and a Doe Defendant, Plaintiff alleges that "Defendants fraudulently concealed the true cost of the loan by providing false Truth in Lending documents and statements." (ECF No. 1 at ¶ 57.) Plaintiff alleges that "Defendants failed to provide disclosures" required by law. *Id*. at ¶ 58. Plaintiffs allege that "Defendants had knowledge [of] the falsity of material omissions" and Defendants intended Plaintiff rely on the false documents as a part of Defendants' business plan. *Id.* at ¶ 61.

"There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'" *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (quoting *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986)).

The Complaint alleges that "Defendants" provided "false" documents, "failed to provide disclosures," to Plaintiffs. However, the Complaint does not specify which Defendant made what concealment. The Court concludes that the Complaint fails to allege this claim of fraud with the requisite particularity because the Complaint fails to "identify the role of each defendant in the alleged fraudulent scheme." *Swartz,* 476 F.2d at 541. Accordingly, the Motion to Dismiss the fraudulent concealment claim is granted.

### C. Constructive Fraud - Claim Nine

In Plaintiff's claim for constructive fraud asserted against Wells Fargo, Irvine Funding Corporation, Cal-Western Reconveyance Corp., and a Doe Defendant, Plaintiff alleges that "Defendants had a fiduciary relationship with the Plaintiff as the Plaintiff's lender/mortgage broker." (ECF No. 1 at 22 ¶ 68). Plaintiff alleges that "Defendant, through its agent, who at

this time is still unknown, made false statements and provided false documents about the affordability of the loan and forwarded false documents to Plaintiff." *Id*. at ¶ 69. Plaintiff alleges that Defendants had an advantage over Plaintiff because Plaintiff trusted their expertise and believed that "Defendant was supposed to look out for [Plaintiff's] best interests." *Id*. at ¶ 70. Plaintiff alleges that Defendants took advantage of Plaintiff by improperly obtaining the highest yield spread premiums possible.

California Civil Code Section 1573 defines constructive fraud as follows:

> (1) In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, (2) In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

Cal. Civ. Code § 1573.

The Complaint alleges that "Defendants" had a fiduciary relationship with Plaintiff and "made false statements and provided false documents" to "gain advantage" over Plaintiff. However, the Complaint does not specify which Defendant provided what false statements and documents. The Court concludes that the Complaint fails to allege this claim of fraud with the requisite particularity because the Complaint fails to "identify the role of each defendant in the alleged fraudulent scheme." *Swartz,* 476 F.2d at 541. Accordingly, the Motion to Dismiss the constructive fraud claim is granted.

### II.     Quiet Title - Claim Three

Defendants contend that Plaintiff's quiet title claim fails because Plaintiff has not alleged an ability to tender. Plaintiff contends that quiet title is proper and the note may have already been paid by a third-party and "[t]his information is necessary to determine if there even remains an underlying obligation of Plaintiff to tender any loan proceeds at all." (ECF No. 14 at 11).

In Plaintiff's claim for quiet title, Plaintiff alleges that he is the owner of the property but Defendants have made claims adverse to Plaintiff's ownership. "Plaintiff intends that this Complaint be deemed a notice of [rescission] ... Plaintiff is willing and able and hereby offers to tender any and all amounts due to any [Defendant], upon condition that [Defendants] do

likewise, as said amounts are determined in a judgment by this court." (ECF No. 1 at 17 ¶ 35.

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, Case No. 09cv937-IEG-JMA, 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808, at *20 (N.D. Cal. Aug. 9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."); *see also Jozinovich v. JP Morgan Chase Bank, N.A.*, No. C09-03326 TEH, 2010 WL 234895, at *3 (N.D. Cal. Jan. 14, 2010) (finding that plaintiff failed to allege an ability to tender where plaintiff claimed he could tender the amount of the note less a set off to be determined by the court).

Plaintiff does not allege an ability to tender the full amount of the note, but alleges an ability to tender conditioned upon Defendants also tendering an amount to be determined by the Court. The Court finds that Plaintiff has failed to allege an ability to tender the principal balance of the loan. *See Jozinovich*, 2010 WL 234895, at *3; *Ricon*, 2009 WL 2407396, at *6. Accordingly, the Motion to Dismiss the quiet title claim is granted.

**III.     California Financial Code Section 4970 - Claim Four**

Defendant contends that Plaintiff's claim under Cal. Fin. Code Section 4970 fails because it is insufficiently pled and it is preempted by federal law. Plaintiff contends that his claim is not preempted.

In Plaintiff's claim for violation of California Financial Code Section 4970 *et seq.*, Plaintiff alleges that the actions of Wells Fargo constitute predatory lending. Plaintiff alleges that Defendants committed acts of predatory lending maliciously, fraudulently, and oppressively, with reckless disregard for Plaintiff's rights.

California Financial Code Section 4970 provides limits on the points and fees permissible in covered consumer loans. Cal. Fin. Code § 4970. State law causes of action may be preempted by federal law regulating lending operations. *See Naulty v. GreenPoint Mortg. Funding, Inc*., Case Nos. C 09-1542 MHP, C 09-1545 MHP, 2009 WL 2870620, at *4 (N.D. Cal. Sept. 3, 2009) (finding that plaintiff's state law causes of action, including those related to lending operations, were "committed by Congress to regulation by a federal agency.") (citing *Silvas v. E*Trade Mortg. Corp.,* 514 F.3d 1001 (9th Cir. 2008); *see also Hilton v. Washington Mut. Bank,* Case No. C 09-1191 SI, 2009 WL 3485953, at *5 (N.D. Cal. Oct. 28, 2009). "[A] cause of action for violation of California's predatory lending laws, codified at California Financial Code § 4970 *et seq* , is preempted by HOLA and OTS regulations." *Ibarra v. Loan City*, Case No. 09-CV-02228-IEG (POR), 2010 WL 415284, at *6 (S.D. Cal. Jan. 27, 2010); *see also Coppes v. Wachovia Mortg. Corp.*, Case No. 2:10-cv-01689-GEB-DAD, 2010 WL 4483817, at *9 (E.D. Cal Nov. 1, 2010) (finding plaintiff's predatory lending claim under Cal. Fin. Code § 4970 to be preempted); 12 CFR §560.2(b) (providing a list of state laws which are preempted by federal occupation of laws affecting the operations of federal savings associations and includes "loan-to-value ratios," "terms of credit," "loan related fees," "disclosure and advertising," "processing, origination, servicing, sale or purchase of...mortgages,"and "interest rate ceilings.").

Plaintiff's claim under California Financial Code Section 4970 is preempted. *See Coppes,* 2010 WL 4483817, at *9; *Ibarra*, 2010 WL 415284, at *6. Accordingly, the Motion to Dismiss the California Financial Code Section 4970 claim is granted.

**IV.    California Bushiness & Professions Code Section 17200 - Claim Five**

Defendant Wells Fargo contends that Plaintiff's claim pursuant to California Bushiness & Professions Code Section 17200 fails because all other claims against Wells Fargo fail. Plaintiff contends that because his other claims are properly pled, the unfair competition claim should survive the Motion to Dismiss.

In Plaintiff's claim for violation of California Business and Professions Code Section 17200 *et seq*., Plaintiff alleges that "Defendants have engaged in said practice, which will be

specifically stated when learned and for which Plaintiff will pray for leave to amend when such facts become known or as proved at the time of trial." (ECF No. 1 at 18 ¶ 44). Plaintiff alleges that Defendants violated California Business & Professions Code Section 17200 "by consummating an unlawful, unfair and fraudulent business practice, designed to deprive Plaintiff of his equity in said property." *Id*.

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting Cal. Bus. & Prof. Code § 17200).

As discussed above, Plaintiff has failed to adequately allege a claim against Wells Fargo. Accordingly, the Motion to Dismiss the California Bushiness & Professions Code Section 17200 claim is granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **GRANTED**. (ECF No. 6). Plaintiff's claims against Wells Fargo are **DISMISSED**. Plaintiff may file a first amended complaint no later than thirty days from the date of this Order.

DATED: February 10, 2011

**WILLIAM Q. HAYES**
United States District Judge