# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG EDWARDS,<br><br>    Plaintiff,<br>vs.<br><br>WACHOVIA MORTGAGE, a division of Wells Fargo Bank, N.A., WORLD SAVINGS BANK, FSB, IRVINE FUNDING CORPORATION, CAL-WESTERN RECONVEYANCE CORPORATION, DOES 1-10,<br><br>    Defendants. | CASE NO. 10CV1763 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Ex Parte Application for a Temporary Restraining Order Re: a Preliminary Injunction filed by Plaintiff. (ECF No. 31).

## BACKGROUND

    On August 24, 2010, this case was removed from the Superior Court for the County of San Diego. (ECF No. 1). On August 31, 2010, Defendant Wells Fargo, who was "sued erroneously" as Wachovia Mortgage and World Savings Bank, FSB, filed a Motion to Dismiss. (ECF No. 6).

    On February 10, 2011, the Motion to Dismiss was granted and Plaintiff was given leave to file a First Amended Complaint. (ECF No. 16). On March 11, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 18).

On March 28, 2011, a Joint Motion to Grant Plaintiff Leave to File Second Amended Complaint was filed (ECF No. 22) which was granted (ECF No. 23).

On April 7, 2011, Plaintiff filed a Second Amended Complaint. (ECF No. 24). On April 8, 2011, Defendant Wells Fargo filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 26). On April 24, 2011, Plaintiff filed an Opposition. (ECF No. 29). On May 2, 2011, Defendant filed a Reply. (ECF No. 30).

On May 16, 2011, Plaintiff filed the Ex Parte Application for a Temporary Restraining Order Re: a Preliminary Injunction. (ECF No. 31). On May 20, 2011, Defendant Wells Fargo filed an Opposition. (ECF No. 33).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff owns a house located at 3343 Bayside Walk #B, San Diego, CA 92109 ("the Property"). (ECF No. 24 at 2 ¶ 3). In July 2007, Defendants Irvine Funding Corp. and Derek Taber offered to refinance Plaintiff's loan to provide Plaintiff with a lower monthly mortgage payment of about $3,000 and a fixed-interest rate. *Id.* at 3 ¶¶ 11,14-15. Plaintiff listed his accurate income on his application, but Defendants did not show him "what exact amounts were actually stated in respect to his income on the loan application." *Id.* at 4 ¶¶ 21, 23. Plaintiff's loan application lists his employer as "California Aerospace Manufacturing," but Plaintiff has never been employed by "California Aerospace Manufacturing." *Id.* at ¶ 24. The debt-to-income ratio on the loan was in excess of the industry standard of 35%, the approval of the loan was "unreasonably outside of industry standard guidelines in underwriting procedures," and the actual finance charge "well outside tolerance limits." *Id.* at ¶¶ 28, 30, 35. "Based on the foregoing facts, Plaintiff began having difficulty paying his mortgage." *Id.* at ¶ 39.

Plaintiff requested a loan modification. Defendant Wells Fargo's agent "informed Plaintiff that they would not review his account unless [Plaintiff] stopped making mortgage payments." *Id.* at 5 ¶ 41. Defendant Wells Fargo's agent "assured Plaintiff that his account would not go into a 'default status while [his] account was in review but that he had to stop making payments' or words to that effect." *Id.* at ¶ 42. Plaintiff stopped making payments but

he has not been offered a loan modification. A Notice of Default was recorded, which "clearly misrepresent[ed] that [Defendant] had made contact as necessary under [California Civil] Code. [section] 2923.5 and provided options to avoid foreclosure." *Id*. at ¶ 43.

The Complaint asserts seven claims as follows: (1) intentional misrepresentation seeking monetary damages; (2) fraudulent concealment seeking monetary damages; (3) constructive fraud seeking monetary damages; (4) breach of fiduciary duty seeking monetary damages; (5) violation of the Real Estate Settlement Procedures Act seeking monetary damages and rescission; (6) violation of California Civil Code Sections 2923.5 and 2923.6 seeking declaratory relief; (7) violation of California Business and Professions Code Section 17200 seeking monetary damages. *Id*. at 13-23.

## CONTENTIONS OF THE PARTIES

Plaintiff moves the Court for an Order that "Defendants are ordered to refrain from foreclosing upon and selling Plaintiff's home until the Court can hold a hearing on whether a preliminary injunction should issue." (ECF No. 31-1 at 11). Plaintiff contends that a Trustee's Sale is set for May 31, 2011. Plaintiff contends that there was fraud in the origination of the loan as alleged in the Complaint. Plaintiff contends that Defendant failed to strictly comport with California's non-judicial foreclosure requirements on the grounds that the Notice of Trustee Sale was posted on Plaintiff's door on May 12, 2011, giving him 19 instead of the required 20 days notice and the Notice of Trustee Sale did not include a specific declaration. Plaintiff contends that he has alleged facts to support a claim of fraud in the factum, fraud in the inducement, and fraudulent concealment. Plaintiff contends that he intends to name the agent broker of Defendant Irvine Funding as a Defendant an assert a claim of fraudulent concealment against him. Plaintiff contends that his claim of promissory estoppel is now ripe because his loan modification was denied, and he intends to include the claim in an amended complaint. Plaintiff contends that he is likely to suffer irreparable injury if he loses his home, the public interest would be served by preventing a wrongful foreclosure, and the balance of hardships tips in his favor.

Plaintiff has submitted his declaration which states that he was promised a fixed-interest

1  rate loan, that he never worked for California Aerospace Manufacturing, that his loan
2  application stated that he had $100,000 in an account but he never had that amount of money,
3  that he relied on a statement that he was getting a good loan, and that he signed the loan
4  application on reliance that Defendants were properly representing his interests. Plaintiff
5  states, "I defaulted on my payments in reliance on the Defendants' promise of a modification."
6  (ECF No. 31-2 at 2). Plaintiff states that on May 6, 2011, his attorney was informed that he
7  had been declined a loan modification. Plaintiff states: "On Thursday May 12th 2011 [he]
8  found a Notice of Trustee's Sale posted to [his] door with a sale date of May 31st 2011 ...."
9  *Id*. at 3. Plaintiff has submitted a copy of the Notice of Trustee's Sale dated May 11, 2011.
10  Defendant Wells Fargo contends that Plaintiff fails to state a claim of fraud in the
11  Second Amended Complaint. Defendant contends that there was no "continuing fraud" on the
12  grounds that Plaintiff's loan modification review was completed on May 10, 2011, and the
13  Notice of Trustee Sale was not recorded until May 11, 2011. (ECF No. 33 at 9). Defendant
14  contends that Plaintiff was provided the required 20 days notice. Defendant contends that a
15  sworn declaration is not required. Defendant contends that Plaintiff's fraud claim raised in his
16  Ex Parte Application against Defendant Irvine Funding's broker fails on the grounds that the
17  broker was an agent of the borrower not the lender. Defendant contends that Plaintiff's claim
18  raised in his Ex Parte Application of promissory estoppel fails on the grounds that the Second
19  Amended Complaint does not allege that Plaintiff was promised loan modification, but instead
20  that he was told that certain programs were only available if the loan was in default. Defendant
21  contends that any reliance on a loan modification was not reasonable. Defendant also contends
22  that Plaintiff cannot challenge the trustee sale without tendering the outstanding debt and he
23  has failed to allege an ability to tender. Defendant contends that Plaintiff should be required
24  to post a bond in the amount of $1,091,160 which represent the outstanding debt.
25  Defendant has submitted a Request for Judicial Notice of the Notice of Trustee's Sale
26  which was recorded on May 11, 2011. (ECF No. 33-2 at 2). The Notice of Trustee's Sale is
27  identical to the Notice of Trustee's Sale submitted by Plaintiff except that it contains the
28  recordation information from the San Diego County Recorder's Office and was signed by

1  "Frank Berumen, Agent." *Id*. at 6. Defendant has also submitted a "Certificate of Posting
2  Property and Public Place" which states that the Notice of Trustee's Sale was placed on
3  Plaintiff's front door on May 11, 2011, and was placed on the bulletin board at the El Cajon
4  County Courthouse on that same day.

## DISCUSSION

6  When the nonmovant has received notice, as here, the standard for issuing a temporary
7  restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan
8  Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Franklin
9  v. Scribner*, Civil No. 07-0438, 2007 WL 1491100, at *3 (S.D. Cal., May 21, 2007); *Bronco
10 Wine Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed
11 Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).
12 "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
13 granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v.
14 Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted)(emphasis in origional).

15 To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed
16 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
17 that the balance of equities tips in his favor, and that an injunction is in the public interest."
18 *Winter v. NRDC*, 555 U.S. 7 (2008); *see also Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d
19 1046, 1052 (9th Cir. 2009). If the moving party fails to make "minimum showing" that the
20 moving party suffers a significant threat of irreparable injury, the Court "need not decide
21 whether [the movant] is likely to succeed on the merits." *Oakland Tribune, Inc. v. Chronicle
22 Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see also Arcamuzi v. Continental Air
23 Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted).

24 "[E]conomic injury alone does not support a finding of irreparable harm, because such
25 injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television &
26 Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (citing *Los Angeles Mem'l Coliseum
27 Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)); *see also Sampson v.
28 Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time

1  and energy necessarily expended are not enough" to constitute irreparable injury) (quotation
2  omitted).

3        Although Plaintiff has alleged several fraud claims, Plaintiff seeks only monetary
4  damages as relief for the fraud claims. An injury that can be remedied by a damage award
5  does not support a finding of irreparable harm. *See Rent-A-Center, Inc.*, 944 F.2d at 603.
6  Plaintiff has failed to make "minimum showing" that he suffers a significant threat of
7  irreparable injury on his fraud claims; thus, the Court "need not decide whether [the movant]
8  is likely to succeed on the merits." *Oakland Tribune, Inc.*, 762 F.2d at 1377; *see also*
9  *Arcamuzi*, 819 F.2d at 937.

10       With regard to Plaintiff's claims that Defendant failed to adhere to the requirements of
11 non-judicial foreclosure by failing to provide Plaintiff with 20 days notice, failing to include
12 a specific declaration, and failing to properly sign the Notice of Trustee's Sale, Plaintiff
13 contends: "If the foreclosure sale of Plaintiff's property proceeds on May 31, 2011, as
14 scheduled, Plaintiff will lose his home." (ECF No. 31-1 at 9). The threat of loss of Plaintiff's
15 home is sufficient to show irreparable injury. *See Alcaraz v. Wachovia Mortg. FSB,* 592 F.
16 Supp. 2d 1296, 1302 (E.D. Cal. 2009) ("Losing one's home through foreclosure is an
17 irreparable injury.") (citing *Wrobel v. S.L. Pope & Associates*, Case No. 07CV1591 IEG
18 (BLM), 2007 WL 2345036, at *1 (S.D. Cal. Aug. 15, 2007); *Cronkhite v. Kemp,* 741 F. Supp.
19 822, 825 (E.D. Wash. 1989)).

20       Under California common law, "to enjoin a foreclosure sale due to non-judicial
21 foreclosure defects, the trustor must in good faith tender amounts to cure the default." *Lopez*
22 *v. Chase Home Fin., LLC*, No. CV 09-449, 2009 WL 981676, at *8 (E.D. Cal. Apr. 9, 2009)
23 (citing *Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal. App. 3d 112, 117 (1971) ("A valid and
24 viable tender of payment of the indebtedness owing is essential to an action to cancel a
25 voidable sale under a deed of trust.")); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167,
26 1171 (9th Cir. 2003) (courts have the discretion to condition rescission upon the satisfaction
27 of the tender requirement); *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 901 (C.D.
28 Cal. 2009) (collecting cases) ("By far, the majority of Courts to address the issue recently have

required that borrowers allege an *ability* to tender .....").  This rule is in recognition of the principle that "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal. App. 3d at 117.

The Court finds that preliminary injunctive relief is not warranted in this case because Plaintiff has made no showing of an ability to tender. *See Reganit v. Kay-Co. Invs.*, Case No. 2:09cv1120, 2009 U.S. Dist. LEXIS 34883, at **3-4 (E.D. Cal. Apr. 24, 2009) (finding, in denying an application for a temporary restraining order to enjoin a foreclosure sale, that success was unlikely because "Plaintiff has not indicated she is able to tender...."); *see also Chen v. PMC Bancorp*, Case No. 09cv2704-WQH-BLM, 2010 WL 596421, at *4 (S.D. Cal. Feb. 16, 2010) (same).  Even if Plaintiff demonstrated a likelihood of success on the claim that certain non-judicial foreclosure requirements were not properly complied with, the Court concludes that Plaintiff has not demonstrated any chance of success on the merits due to the failure to show the ability to tender.

## CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Application for a Temporary Restraining Order Re: a Preliminary Injunction filed by Plaintiff is **DENIED**.  (ECF No. 31).

DATED:  May 26, 2011

**WILLIAM Q. HAYES**
United States District Judge