1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GREG EDWARDS,                              CASE NO. 10CV1763 WQH (POR)

12                           Plaintiff,         **ORDER**

           vs.

13

14   WACHOVIA MORTGAGE, a division of
     Wells Fargo Bank, N.A.; WELLS FARGO
15   BANK N.A.; WORLD SAVINGS BANK,
     FSB, IRVINE FUNDING CORPORATION,
16   CAL-WESTERN RECONVEYANCE
     CORPORATION, DEREK TABER; DOES
17   1-10,

18                           Defendants.

     HAYES, Judge:
19
            The matters before the Court are the Motion to Dismiss Plaintiff's Second Amended
20
     Complaint for Failure to State a Claim filed by Wells Fargo Bank, N.A on behalf of Wells
21
     Fargo Bank, N.A., World Savings Bank, FSB and Wachovia Mortgage[1] ("Wells Fargo") (ECF
22
     No. 26) and the Notice and Application for Withdrawal of Counsel filed by Plaintiff's counsel,
23
     Attorney Nicole Gallagher (ECF No. 36).
24
     **I.     Background**
25
            On August 24, 2010, this case was removed from the Superior Court for the County of
26
     San Diego.  (ECF No. 1).  On August 31, 2010, Defendant Wells Fargo filed a Motion to
27

28          [1]  Defendant Wells Fargo Bank states that it is the "successor by merger" to World
     Savings Bank, FSB and Wachovia Mortgage.  (ECF No. 26 at 2 n.1).

Dismiss.  (ECF No. 6).

On October 5, 2010, this Court issued an Order noting that Plaintiff's counsel had resigned and provided Plaintiff with additional time to respond to the Motion to Dismiss. (ECF No. 8).  On October 29, 2010, a Substitution of Counsel was filed in which Attorney Nicole Gallagher was added as counsel for Plaintiff.  (ECF No. 12).  On December 6, 2010, Plaintiff's Opposition to Defendant Wells Fargo's Motion to Dismiss was filed.  (ECF No. 14). On February 10, 2011, this Court issued an Order granting Defendant Wells Fargo's Motion to Dismiss.  (ECF No. 16).

On March 11, 2011, Plaintiff filed a First Amended Complaint.  (ECF No. 18).  On March 28, 2011, the parties filed a Joint Motion to Grant Plaintiff Leave to File Second Amended Complaint. (ECF No. 22).  On March 29, 2011, this Court granted the Joint Motion. (ECF No. 24).

On April 7, 2011, Plaintiff's Second Amended Complaint was filed.  (ECF No. 24).  On April 8, 2011, Defendant Wells Fargo filed a Motion to Dismiss the Second Amended Complaint.  (ECF No. 26).  On April 24, 2011, Plaintiff filed an Opposition.  (ECF No. 29). On May 2, 2011, Plaintiff filed a Reply.  (ECF No. 30).

On July 19, 2011, Plaintiff's counsel, Attorney Nicole Gallagher, filed a Notice and Application for Withdrawal of Counsel.  (ECF No. 36).

## II.    Allegations of the Complaint

Plaintiff owns a house located at 3343 Bayside Walk #B, San Diego, CA 92109 ("the Property").  (ECF No. 24 at ¶ 3).  In July 2007, Defendants Irvine Funding Corp. and Derek Taber offered to refinance Plaintiff's loan to provide Plaintiff with a lower monthly mortgage payment of about $3,000 and a fixed-interest rate.  *Id.* at ¶¶ 11,14-15.  Plaintiff listed his accurate income on his application, but Defendants Irvine Funding Corp. and Derek Taber did not show him "what exact amounts were eventually stated in respect to his income on the loan application."  *Id.* at ¶¶ 21, 23.  Plaintiff's loan application lists his employer as "California Aerospace Manufacturing," but Plaintiff has never been employed by "California Aerospace Manufacturing."  *Id.* at ¶ 24.  The debt-to-income ratio on the loan was in excess of the

industry standard of 35%, the approval of the loan was "unreasonably outside of industry standard guidelines in underwriting procedures," and the actual finance charge "well outside tolerance limits." *Id*. at ¶¶ 28, 30, 35.  "Based on the foregoing facts, Plaintiff began having difficulty paying his mortgage." *Id*. at ¶ 39.

Plaintiff requested a loan modification.  Defendant Wells Fargo's agent "informed Plaintiff that they would not review his account unless [Plaintiff] stopped making mortgage payments." *Id*. at ¶ 41.  Defendant Wells Fargo's agent "assured Plaintiff that his account would not go into a 'default status while [his] account was in review but that he had to stop making payments' or words to that effect." *Id*. at ¶ 42.  Plaintiff stopped making payments but he has not been offered a loan modification.  A notice of default was recorded, which "clearly misrepresent[ed] that [Defendant] had made contact as necessary under [California Civil] Code. [section] 2923.5 and provided options to avoid foreclosure." *Id*. at ¶ 43.

The Complaint asserts seven claims as follows: (1) intentional misrepresentation against Defendants Irving Funding, Taber, and Wells Fargo; (2) fraudulent concealment against Irving Funding, Taber, and Wells Fargo; (3) constructive fraud against Irving Funding and Taber; (4) breach of fiduciary duty against Irving Funding and Taber; (5) violation of the Real Estate Settlement Procedures Act against Irving Funding and Wells Fargo; (6) violation of California Civil Code Sections 2923.5 and 2923.6 against Wells Fargo; (7) violation of California Business and Professions Code Section 17200 against all Defendants. *Id*. at 13-23.

## III.   Discussion

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint

"does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g.*, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### A. RESPA - Claim Five

Defendant Wells Fargo contends that Plaintiff's claim for violation of RESPA fails to state a claim on the grounds that it is not sufficiently pled, the claim is barred by the statute of limitations, and there is no private right of action under RESPA for disclosure violations.

Plaintiff contends that he has "clearly alleged that [Wells Fargo] and Irving Funding took improper kickbacks" and "[a]ny allegation lacking in specific numbers of fees and points can be clarified with discovery." (ECF No. 29 at 10). Plaintiffs contend that the RESPA claims are not barred by the statute of limitations on the grounds that "equitable tolling of the civil damages claim is appropriate here, because Plaintiff did not have a reasonable opportunity to discover the nondisclosures and other violations before the loan audit was completed." *Id*. Plaintiff contends that there is a private right of action for violations under §§ 2605, 2507 and 2608.

### 1.      Allegations of the Second Amended Complaint

Plaintiff asserts the RESPA claim against Defendant Irving Funding and Defendant Wells Fargo.  With regard to Defendant Wells Fargo, Plaintiff alleges that "[i]n servicing the loan [Defendant Wells Fargo] has engaged in acts or practices in violation of [RESPA], 12 U.S.C. §§ 2605 et seq."  (ECF No. 24 at ¶ 124).   "Plaintiff is informed and believes ... that in the course and conduct of servicing the RESPA mortgage loan to Plaintiff, [Defendant Wells Fargo] violated the requirements of RESPA, 12 U.S.C. § 2605(a) and (b) by failing to disclose assignment, sale, or transfer of loan servicing and filing to provide Plaintiff notice of any changes in the service/owner/investor of the loan."  *Id.* at ¶ 130.

### 2.      Analysis

12 U.S.C. § 2605(a) and (b) provide:

> Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.
> ...
> Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

12 U.S.C. §§ 2605(a)-(b).  12 U.S.C. § 2605(f) provides: "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure...." 12 U.S.C. § 2605(f).

Plaintiff has failed to plead non-conclusory factual allegations indicating how Defendant Wells Fargo violated RESPA.  Plaintiff does not allege when any alleged transfer of the loan took place or what entities were involved in the transfer to state a claim that Defendant Wells Fargo was required to notice to Plaintiff.  *See Delino v. Platinum Community Bank*, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009) (dismissing a RESPA claim where "Plaintiff does not allege when any such alleged transfer took place, what entities were involved in such transfer and therefore had the duty to notify, or when the alleged late fee was assessed against Plaintiff.").

### a.   Actual Damages

With regard to damages, Plaintiff alleges that he "is entitled to recover certain amounts already paid, including interest, finance charges and closing costs, offset these damages against the amounts owing on the loan, and collect statutory damages and attorney fees." (ECF No. 24 at ¶ 131).

"Numerous courts have read Section 2605 [regarding qualified written requests] as requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Services, Inc.*, Case No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at * 3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.") (citing *Lawther v. Onewest Bank*, Case No. C 10-0054 RS, 2010 WL 4936797 at *7 (N.D. Cal. Nov. 30, 2010)).

Plaintiff has failed to plead non-conclusory factual allegations indicating how he was damaged by the any alleged RESPA violation on behalf of Defendant Wells Fargo. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default).").  Plaintiff has failed to allege how the failure of the Defendants to comply with RESPA, as opposed to Plaintiffs' default or the other alleged actions of Defendants, plausibly caused these damages alleged in the Complaint. *Cf. Lawther v. OneWest Bank*, No. C-10-54,

2010 WL 4936797 at *7 (N.D. Cal. Nov. 30, 2010) (granting motion to dismiss RESPA claim for failure to adequately allege actual damages); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[S]imply having to file suit [does not] suffice as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in."). The Court concludes that Plaintiff has failed to allege sufficient facts to support a claim for damages against Defendant Wells Fargo under RESPA.

### b. Statutory Damages

Plaintiff alleges that he is "informed and believes ... that in the course and conduct of servicing the RESPA mortgage loan to Plaintiff, [Defendant Wells Fargo] violated the requirements of RESPA, 12 U.S.C.A. §2605(a) and (b) ...." (ECF No. 24 at ¶ 130).

To recover statutory damages, a plaintiff must plead a pattern or practice of noncompliance with RESPA. *See* 12 U.S.C. § 2605(f)(1)(b). However, Plaintiff has failed to allege any facts to support a claim that Defendant Wells Fargo engaged in a pattern or practice of noncompliance with RESPA. *See Iqbal*, 129 S. Ct. at 1950; *cf. Lal*, 680 F. Supp. 2d at 1223 (RESPA claim deficient because "Plaintiffs flatly claim a pattern of noncompliance but state no facts other than the assurance that at trial they will present other customers who also did not receive QWR responses from Defendant."); *Garvey v. Am. Home Mortg. Servicing, Inc.*, No. CV-09-973, 2009 WL 2782128, at *2 (D. Ariz. Aug. 31, 2009) (same). The Court concludes that Plaintiff has failed to allege sufficient facts to support a claim for statutory damages against Defendant Wells Fargo under RESPA.

Accordingly, the Motion to Dismiss the RESPA claim against Wells Fargo is GRANTED.

### B. State Law Claims

The Second Amended Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. (ECF No. 24 ¶ 1). The Second Amended Complaint asserts a claim against Wells Fargo for violation of RESPA pursuant to 12 U.S.C. § 2601 et seq. The Second Amended Complaint does not allege that diversity jurisdiction exists.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367(a).   A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).  Because the Court has dismissed the federal law claim against Defendant Wells Fargo, the Court declines to exercise supplemental jurisdiction over the state law claims against Defendant Wells Fargo pursuant to 28 U.S.C. §1367(c).  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."). Accordingly, the Motion to Dismiss the remaining state law claims against Wells Fargo is GRANTED.

## IV.   Motion to Withdraw as Counsel

Plaintiff's counsel seeks to be relieved as counsel on the grounds that: "Plaintiff's has become unavailable and has made numerous important decisions about the case, his assets and his litigation without keeping his attorney appraised." (ECF No. 36 at 2).  Plaintiff's counsel has submitted a Declaration and states that: "Plaintiff has made numerous threats toward me." (ECF No. 36-1 at 2).  Plaintiff's counsel states that: "Plaintiff repeatedly calls me in a state of rage and panic, unleashing verbal abuse and inappropriate comments on numerous occasions, including derogatory remarks and the use of curse words directed at my gender and age." *Id.* Plaintiff's counsel states: "I have repeatedly contacted Plaintiff through both telephone conversation and letter; he has refused to respond in anyway other than combative ranting over the telephone and voicemails to my business and personal cell phones." *Id.* Plaintiff's counsel

states: "I cannot communicate with Plaintiff and am fully unable to competently represent him because of his behavior." *Id.*

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). The decision to grant or deny counsel's motion to withdraw is discretionary. *Deal v. Countrywide Home Loans,* Case No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). When ruling on motions to withdraw, courts consider: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal*, 2010 WL 3702459, at *2 (citing *CE Resource, Inc. v. Magellan Group, LLC*, Case No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009)).

After reviewing the record and the reasons for withdrawal noted by Attorney Nicole Gallagher, the Court concludes that there is good cause to grant the Motion to Withdraw as Counsel. The Court further concludes that the withdrawal will not prejudice other litigants, harm the administration of justice, or unreasonably delay resolution of the case.

Civil Local Rule 83.3 provides, in part:

> Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the court, after notice to the attorney of such party, and to the opposite party....

> When an attorney of record for any person ceases to act for a party, such party must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act....

S.D. Cal. Civ. L.R. 83.3(g)(1), (g)(2).

Accordingly, Plaintiff must file a motion for substitution pursuant to Local Rule 83.3, requesting an order of substitution and indicating whether Plaintiff will represent himself in this action, or appoint a new attorney to represent him in this action.

## V.     Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss the Second Amended

Complaint (ECF No. 26) filed by Defendant Wells Fargo on behalf of Wells Fargo Bank, N.A., World Savings Bank, FSB and Wachovia Mortgage is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's counsel Nicole Gallagher's Motion to Withdraw (ECF No. 36) is GRANTED.  No later than 15 days from the date of this Order, Nicole Gallagher shall mail a copy of this Order to Plaintiff Greg Edwards and file a proof of service including his last know addresses.  No later than **ninety (90) days** from the date of this Order, Plaintiff must file a motion for substitution pursuant to Local Rule 83.3, requesting an order of substitution and indicating whether Plaintiff will represent himself in this action, or appoint a new attorney to represent him in this action. **If no motion for substitution is filed within ninety (90) days from the date of this Order, this action will be dismissed without prejudice.**

DATED:  October 4, 2011

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge